IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-01615-CMA-NYW

THOMAS WARNER,

    Plaintiff,

v.

NUTRIEN, LTD, *f/k/a* Agrium, Inc.,

    Defendant.

___

## ORDER DENYING PLAINTIFF'S MOTION TO REMAND
___

This matter is before the Court upon Plaintiff Thomas Warner's Motion to Remand (Doc. # 19), in which Plaintiff argues that Defendant Nutrien, Ltd.'s removal of this action from state court to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 violated of the parties' employment agreement ("the Plans") forum-selection clauses. (Doc. # 19.) The Plans contain identical forum-selection clauses:

> The plan shall be governed and interpreted in accordance with the laws of the Province of Alberta and the laws of Canada applicable therein. . . . Any actions, proceedings or claims in any way pertaining to the Plan shall be commenced in the courts of the State of Colorado in the case of a Designated Employee who was last employed in the United States by the Corporation or an Affiliate.

(*Id.* at 2; Doc. # 22 at 2.) Plaintiff asserts that pursuant to these clauses, "the contract forum is limited to state courts" and is mandatory. (Doc. # 19 at 4–5.) These arguments fail to persuade the Court.

As Defendant explains in its Response (Doc. # 22 at 3), nothing in these forum-selection clauses precludes—or, for that matter, addresses—removal from state court to a federal court with jurisdiction. Key to the forum-selection clauses is their use of the word "commenced": "Any actions, proceedings or claims in any way pertaining to the Plan shall be **commenced** in the courts of the State of Colorado." (Doc. # 19 at 2) (emphasis added). "[A] lawsuit is commenced at a discrete moment in time: the filing of the original complaint in a court of competent jurisdiction." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094 (10th Cir. 2005). Plaintiff commenced this action in a court of the State of Colorado by filing his Complaint with the state District Court for Larimer County, Colorado, and thereby satisfied the Plans' only requirement as to the forum of litigation.

The Plans do not require the parties to **litigate** disputes in the courts of the State of Colorado, contrary to Plaintiff's assertion otherwise (*id.* at 5). They do not contain any clear, unequivocal provision stating that the courts of the State of Colorado are to be the exclusive forum. *See American Soda LLP v. U.S. Filter Wastewater Grp.*, Inc., 428 F.3d 921, 927 (10th Cir. 2005) (where the parties consented to a forum-selection clause that designated the state courts of Colorado as "the exclusive forum for the resolution of any disputes," holding that the parties "indicated their intent to make venue exclusive in state court" and that the defendant "unequivocally waived its right to remove this lawsuit to federal court."); *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1346 (10th Cir. 1992) ("a waiver of one's statutory right to remove a case from a state to a federal court must be 'clear and unequivocal.'").

For these reasons and for those articulated by Defendant in its Response (Doc. # 22) to the instant motion, the Court DENIES Plaintiff's Motion to Remand (Doc. # 19). The stay imposed on July 27, 2018 (Doc. # 20), is lifted.

DATED: September 20, 2018

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge